# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**DARYL FITZGERALD JOHNSON  # 81916**                                             **PLAINTIFF**

**VS.**                                                **CIVIL ACTION: 1:16cv286-LG-RHW**

**THE CITY OF GULFPORT,** *et al.*                                                **DEFENDANTS**

## REPORT AND RECOMMENDATION

Before the Court are dispositive motions of the City of Gulfport [22] and of the Gulfport police officer Defendants [24] filed, respectively, on March 24, 2017 and March 27, 2017 in this *pro se* prisoner civil rights lawsuit.  On April 5, 2017, Plaintiff filed responses to the motions [26], [27], and Defendants filed rebuttal memoranda on April 13, 2017.  [31], [32]  Plaintiff filed responses [37], [38] to the rebuttal memoranda which Defendants have moved to strike as unauthorized pleadings under the Rules.  [39]  Also before the Court is [48] Plaintiff's motion for preliminary injunction and [49] for hearing thereon filed July 19, 2017, both of which Defendants have moved to strike.  [53]

### Facts and Procedural History

Daryl Fitzgerald Johnson is presently an inmate of the Mississippi Department of Corrections (MDOC), having been sentenced March 11, 2016 to serve a total of 32 years for two Harrison County convictions of delivery of controlled substances.  The MDOC web site shows Johnson entered the MDOC system April 12, 2016, and his release date is March 2, 2048.

On August 4, 2016, Johnson filed suit against the City of Gulfport (City), "confidential informant" Tiffani Young, and Gulfport policemen Adam Gibbons, Joey Wuest, Nicholas Olds,

Arron Fore, and Robert Coleman.[1] Johnson's complaint alleges the City is using its police department "to depive (*sic*) [him] of the right to own property; right to liberty and civil right's (*sic*)." [1, p. 6] He claims the police closed his business for selling beer without a beer permit and business permit, "where in August 2010 the charges was dismissed in city court and [his] business was forced to be closed for over 5 months without any profitts (*sic*);" and that police came to his business without a search warrant on July 11, 2012, and kicked in the doors of his office and of his renters, resulting in all his tenants moving. [1, p. 6] The City urges these claims are barred by the statute of limitations.

Johnson claims the City negligently hired racist, unprofessional police officers who were not properly trained in recognizing suspects and had no facial recognition equipment. He alleges that officers Wuest, Fore, Olds and Gibbons sent confidential informant Tiffani Young to Johnson's "private living quarters"[2] to buy drugs, and that Young made a drug buy recorded via audio and video recording, but the buy was from Plaintiff's brother Terry Johnson, not the Plaintiff. When Young turned the drugs over to Detective Olds, she told him she bought them from Daryl Johnson.[3] On April 11, 2014, police detectives again sent Young to 1512 20th Street to make a drug buy. Plaintiff claims the video made in his back yard on that date was of his brother Terry, despite Young's statement that she got the drugs from Daryl. Officers Gibbons, Fore, Wuest and Olds are alleged to have watched the second transaction. On May 9, 2014, Olds

---

[1]Young and Coleman have never been served with process or appeared in the case. By separate order [62], the Court has granted Johnson's October 30, 2017 motion [60] to voluntarily dismiss Young and Coleman from the case.

[2]Located at 1512 20th Street in Gulfport, Mississippi. From the pleadings, it appears this is also the location of Johnson's business. [1, pp. 8-10]

[3]Johnson asserts there is "a new audio of Gulfport Police telling CI to lie and say that I sold drugs to her." [1, p. 11] He later stated Robert Coleman was the officer who did this. [7] As previously stated, Coleman has been voluntarily dismissed from the case pursuant to Johnson's motion. [60], [62]

secured an arrest warrant for Plaintiff from a Justice Court Judge for the April 11, 2014 drug sale. [1, pp. 7-8]  On May 15, 2014, Gibbons, Fore, Olds and Wuest arrested Johnson.  Johnson claims it is Terry in the video of the transaction and that Terry has so testified; and, in an apparent challenge to the affidavit upon which the arrest warrant was based [1, p. 11], [26-1], Johnson contends that the transaction did not occur inside a building.  Johnson was indicted for the drug sales in August 2014.

Johnson alleges that around February 26, 2015, Fore and other officers/agents came to his property at 1512 20th Street, ordered Johnson out of his truck at gunpoint, and Officer Fore asked whether Johnson was going to plead guilty to the drug charges.  Johnson alleges Fore admitted he (Fore) knew it was not Plaintiff on the video and stated he was given orders "by the City ... through his Chief" to close Johnson down "even if it takes locking [Johnson] up." [1-9]  After a three-day trial by jury in Harrison County Circuit Court, Johnson was convicted in March 2016 of two counts of transfer of controlled substances, and sentenced to serve consecutive sentences of 16 years on each charge, as a habitual offender and enhanced drug offender. [22-2]

Johnson asserts the City has tried to close his business down several times, "each time close to time to pay tax's (*sic*) on land," resulting in Johnson's defaulting on his taxes and losing over a million-dollar business and property (two houses and land).  He alleges that in February 2013, the City closed the street down for construction, leaving customers no way to get in his store for a year, and after completion of the street repairs, the construction crew did not properly reconnect his sewer line resulting in sewage backing up into Johnson's store and his tenants' rooms.  He states he sued the construction company which had the street repair contract, and won. [1, p. 10]

The City's Motion

The City asserts Johnson cannot show violation of an actionable right because his complaints about "closing down" his business for selling beer without a permit in 2010 and kicking in doors in 2012 are barred by the applicable statute of limitations; his claims of false arrest, false imprisonment and other claims arising out of his 2014 arrest for transfer of controlled substances are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) since his convictions on the charges have not been reversed, overturned or expunged; and he has failed to set forth a proper municipal liability claim under § 1983. In support of its motion, the City presents a certified copy of Johnson's final judgment of conviction on the referenced drug sales. [22-2]

Johnson's response [26] to the City's motion essentially repeats and expounds upon the allegations of his complaint. Attached to his response are copies of the warrant issued by the Justice Court on May 9, 2014 with Johnson's handwritten notations [26-1]; a February 12, 2016 fax from the District Attorney's Office to Mike Hester (Johnson's criminal defense attorney) regarding the anticipated trial testimony of Tiffany Young [26-2]; a photograph purportedly showing Johnson's brother Terry [26-4]; an NCIC report indicating Plaintiff has numerous tattoos and pierced ears [26-4]; a February 2016 fax from attorney Hester to Robert McCormick at the DA's office regarding police coming to Johnson's property and stating they knew it was not him in the video [26-5]; and correspondence from Johnson to the Clerk, the City Attorney, and to Tiffani Young c/o the City Attorney. [26-6]

Motion of Officers Gibbons, Wuest, Olds and Fore[4]

The individual officers sued by Johnson contend qualified immunity warrants dismissal of the claims against them, and that the complaint fails to demonstrate an actionable right

---

[4] Fore was not served until after this motion was filed. He joined in the motion and memoranda in support on June 20, 2017. [45]

because Johnson's false arrest and false imprisonment claims against the officers arise from the drug transactions of which he now stands convicted. [1, p. 11], [22-2] The officers argue Johnson cannot pursue such claims because a finding in his favor would necessarily imply the invalidity of Johnson's convictions in contravention of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). That being the case, the officers argue Johnson's allegations fail to show violation of a federally secured right, which is essential to overcome the officers qualified immunity defense. In support of their motion, the officers also present a certified copy of the state court final judgment of Johnson's conviction on the drug offenses. [24-2]

Johnson's response [27] to the officers' motion also is largely repetitive of the allegations of his complaint, asserting among other things that false statements in the underlying affidavit about Young entering Johnson's building and purchasing drugs from him led to issuance of the warrant for his arrest, and that it was Plaintiff's brother who sold Young the drugs rather than Plaintiff. Johnson attaches to this response the same exhibits he attached to his response to the City's motion.

Since both the Movants and the Plaintiff have presented matters outside the pleadings on the dispositive motions, the undersigned considers them as motions for summary judgment.

## Summary Judgment Standard

Rule 56, FED.R.CIV.P., requires that a motion for summary judgment be granted "if the movant shows there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." A material fact is one that might affect the outcome of the suit under the governing law; a genuine dispute exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). On a motion for summary judgment, the Court views the evidence and draws

reasonable inferences most favorable to the non-moving party. *Abarca v. Metropolitan Transit Authority*, 404 F.3d 938, 940 (5th Cir. 2005). The party who bears the burden of proof at trial also bears the burden of proof at the summary judgment stage. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).

One seeking summary judgment must identify those portions of the pleadings and discovery on file and any affidavits which he believes demonstrate the absence of a genuine issue of material fact. *Id.*, at 325. Once the movant carries his burden, the burden shifts to the non-movant to show summary judgment should not be granted. The non-movant may not rest upon mere allegations or denials, but must set forth specific facts showing there is a genuine issue for trial by either submitting opposing evidentiary documents or referring to evidentiary documents already in the record demonstrating the existence of a genuine issue of material fact. *Celotex*, 477 U.S. at 324-325; *Reese v. Anderson*, 926 F.2d 494, 498 (5th Cir. 1991); *Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir. 1986) (non-movant "must counter factual allegations by the moving party with specific, factual disputes; mere general allegations are not a sufficient response."). Conclusory allegations, unsubstantiated assertions or the presence of a scintilla of evidence, will not suffice to create a real controversy regarding material facts. *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990); *Hopper v. Frank*, 16 F.3d 92, 97-98 (5th Cir. 1994); *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994).

Law and Analysis

The first inquiry in a § 1983 civil rights action is whether the complainant has been deprived of a federally protected right. There can be no relief under 42 U.S.C. § 1983 if there has been no deprivation of a federally protected civil right. *Baker v. McCollan*, 443 U.S. 137, 140 (1979). Actionable conduct under § 1983 requires that a plaintiff show he has been deprived of a

right secured by the Constitution or federal law, by a person acting under color of state law. *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 155 (1978). "A section 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir.), *cert. denied*, 498 U.S. 908 (1990). Conclusory allegations are insufficient. *Jaquez v. Procunier,* 801 F.2d 789, 793 (5th Cir. 1986). Negligent deprivation of life, liberty or property is likewise insufficient for a § 1983 claim. *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995). The plaintiff must show the alleged constitutional or statutory deprivation was intentional or due to deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 828-829 (1994).

Municipal Liability under § 1983

While a municipality may be held liable under § 1983 when its official policies or customs violate the Constitution and the policy or custom causes a constitutional tort, a city cannot be held liable under § 1983 on a *respondeat superior* theory. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978); *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002); *Johnson v. Moore*, 958 F.2d 92, 93 (5th Cir. 1992). Municipalities can be held liable under § 1983 only for "their *own* illegal acts." *Connick v. Thompson*, 563 U.S. 51, 60 (2011). "Plaintiffs who seek to impose liability on local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury." *Id*. (quoting *Monell*, 436 U.S. at 691). See *James v. Harris Cty*., 577 F.3d 612, 617 (5th Cir. 2009) (municipal liability for misconduct of employees under § 1983 requires showing of both constitutional violation and that official policy was the moving force behind, or actual cause of, the constitutional injury). "The official policy itself must be unconstitutional or, if not, must have been adopted with deliberate indifference to the known or obvious fact that such constitutional violations would result." Id.

The City first urges that Johnson's claims based on alleged actions by the City in 2010 and 2012 are barred by the statute of limitations. Mississippi's three-year general statute of limitations for personal injuries governs § 1983 claims. Miss. Code Ann. § 15-1-49; *James v. Sadler*, 909 F.2d 834, 836 (5th Cir. 1990). Because Johnson did not file his complaint within three years of the 2010 or 2012 occurrences, those claims are barred by the statute of limitations and must be dismissed.

Johnson's claims against the City for false arrest or false imprisonment must also be dismissed, as they arise from, or are integrally related to, his May 2014 arrest for the April 2014 drug sales of which he now stands convicted. Because a judgment in Johnson's favor would imply the invalidity of his convictions, no relief is available in this Court on those claims. *Heck v. Humphrey*, 512 U.S. at 486-487. And, in addition to being conclusory, Johnson's allegations that the City negligently hired police officers who are "racist and unprofessional" or failed to train them in facial recognition provide no sufficient basis for § 1983 liability against the City. "A municipal 'policy' must be a deliberate and conscious choice by a municipality's policy-maker, ... not merely an unintentionally negligent oversight." *Rhyne v. Henderson County*, 973 F.2d 386, 392 (5th Cir. 1992) (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989)). The undersigned finds that under the above stated facts and pursuant to applicable law, the City has shown it is entitled to judgment as a matter of law on Plaintiff's claims.

Qualified Immunity

Officers Gibbons, Wuest, Olds and Fore have asserted the defense of qualified immunity regarding Johnson's allegations against them. The doctrine of qualified immunity protects public officials from civil liability for damages where their challenged conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

*Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818, (1982)). Qualified immunity "protects government officials from civil damages liability when their actions could reasonably have been believed to be legal." *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011) (en banc). The doctrine "gives government officials breathing room to make reasonable but mistaken judgments about open legal questions." *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011). "When properly applied, it protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Id.* (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). See also *Mitchell v. Forsyth*, 472 U.S. 511, 528 (1985) (officials are immune unless "the law clearly proscribed the actions" they took). Furthermore, qualified immunity provides immunity from suit, not just from liability. *Id.*, 472 U.S. at 526; *Geter v. Fortenberry*, 849 F.2d 1550, 1552 (5th Cir. 1988).

It is not the burden of an official claiming qualified immunity to show he did not violate clearly established federal rights. Rather, when a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense. *Cantrell v. City of Murphy*, 666 F.3d 911, 918 (5th Cir. 2012); *Pierce v. Smith*, 117 F.3d 866, 872 (5th Cir. 1997). The plaintiff must rebut the defense of qualified immunity by establishing both that the official "violated a statutory or constitutional right" and that "the right was 'clearly established' at the time of the challenged conduct." *al-Kidd*, 563 U.S. at 735. See also *Poole v. City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012), "Public officials ... are entitled to qualified immunity on summary judgment unless (1) [the plaintiff] has adduced sufficient evidence to raise a genuine dispute of material fact suggesting the officers' conduct violated an actual constitutional right, and (2) the officers' actions were objectively unreasonable in light of clearly established law at the time of the conduct in question."

An official's conduct violates clearly established law when, at the time of the challenged conduct, the law so clearly and unambiguously prohibited his conduct that "every 'reasonable official would have understood that what he is doing violates [the law].'" *al-Kidd*, 563 U.S. at 741, (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). The Supreme Court has admonished courts "not to define clearly established law at a high level of generality," but "in light of the specific context of the case." *Id*., 563 U.S. at 742; *Brosseau v. Haugen*, 543 U.S. 194, 198-99 (2004). To find that an official's conduct violated clearly established law, "there must be adequate authority at a sufficiently high level of specificity to put a reasonable official on notice that his conduct is definitively unlawful." *Vincent v. City of Sulphur*, 805 F.3d 543, 547 (5th Cir. 2015), *cert. denied*, 136 S. Ct. 1517 (2016) (citing *al-Kidd*, 563 U.S. at 372). Johnson's allegations against the police officers in this case are that:

> (1) Wuest, Fore, Olds and Gibbons violated his right to privacy by sending Young to his private living quarters at 1512 20th Street to make a drug transaction, recorded via audio and video, which Young did, and that she told Olds she bought the drugs from Daryl Johnson;

> (2) Gibbons, Fore, Wuest and Olds had Johnson's place under surveillance on April 11, 2014 when "Detectives with City of Gulfport Police Department" again sent Young to 1512 20th Street to buy drugs from Plaintiff;

> (3) Olds swore before a Justice Court Judge that on April 11, 2014, Young went inside at 1512 20th Street and purchased drugs from Plaintiff, but Plaintiff contends Young did not go inside and the video shows Plaintiff's brother Terry in the parking lot at 1512 20th Street;

> (4) Gibbons, Fore, Olds and Wuest arrested Plaintiff on May 15, 2014, at 1512 20th Street on the warrant issued by the Justice Court Judge;

> (5) After asking whether Johnson was going to plead guilty to the drug charges, Fore stated on February 26, 2015 that he knew it was not Plaintiff on the film, but he had orders from the Chief to "close [Plaintiff] down;" and

> (6) Gibbons, Wuest, Fore and Olds "intentionally false imprisoned the plaintiff Daryl Johnson and caused tax's defaults and business to close at 1512 20th Street."

All Johnson's allegations against Gibbons, Fore, Olds and Wuest arise from the drug charges of which Johnson has been convicted. As such, under *Heck*, they cannot provide the basis for Plaintiff's civil rights claims, because a judgment in Plaintiff's favor on the latter would necessarily imply the invalidity of the convictions. Furthermore, no right of privacy was violated by the informant's voluntarily recording her drug transactions with Johnson. *See*, *Rathbun v. United States*, 355 U.S. 107 (1957); *United States v. Brathwaite*, 458 F.3d 376, 377-78 (5th Cir. 2006). To defeat the officers' qualified immunity defense, Johnson was required to show their conduct was objectively unreasonable in light of a clearly established rule of law. The undersigned is of the opinion that Johnson has failed to so demonstrate, and the officers are entitled to summary judgment. They are also entitled to summary judgment to the extent that Johnson makes any official capacity claims against them, as such claims would actually be against the City, and have been previously addressed.

The Motion for Preliminary Injunction

On July 19, 2917, Johnson filed [48] a motion for preliminary injunction to prohibit a tax sale of his property allegedly scheduled for August 31, 2017, pending resolution of the present lawsuit. The documents attached to the motion indicate Johnson had not paid taxes on the property at 1512 20th Street for the years 2014, 2015 or 2016, and had not paid 2016 taxes on another property. [48-2], [48-3] The motion is based on Johnson's allegations of misconduct by the City in 2010 and 2012. [48-4]

On September 22, 2017, Defendants moved to strike the motion for preliminary injunction, asserting the motion is moot, and that the tax sale Plaintiff seeks to enjoin was to be conducted by the Harrison County Tax Collector who is not a party to this lawsuit, thus the basis for the injunction has nothing to do with issues in this case. [53] Defendants contend Plaintiff's

motion is without merit and should be stricken or denied as moot. While the lack of merit may justify denial of the motion, the undersigned finds it does not warrant striking the motion.

To be entitled to a preliminary injunction, a party must show: (1) a substantial likelihood that plaintiff will prevail on the merits, (2) a substantial threat that irreparable injury will result if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm to defendant, and (4) that granting the preliminary injunction will not disserve the public interest. *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621(5th Cir. 1985). A preliminary injunction is an extraordinary remedy, which should be granted only if the movant has clearly carried the burden of persuasion on all four prerequisites. The decision to grant a preliminary injunction is to be treated as the exception rather than the rule. *Id.* at 622. The undersigned finds Johnson has failed to establish the elements required to obtain the injunctive relief he seeks. That, along with the undersigned's recommended disposition of Plaintiff's §1983 lawsuit, compels the undersigned to recommend that the motion for injunctive relief be denied.

## RECOMMENDATION

Based upon the foregoing, the undersigned recommends that: [22] the City's motion for summary judgment be granted; [24] the summary judgment motion of Officers Gibbons, Olds, Wuest and Fore be granted; [39] Defendants' motion to strike Plaintiff's sur-replies be held moot; [48] and [49] Plaintiff's motions for preliminary injunction and hearing thereon be denied; [53] Defendants' motion to strike Plaintiff's motion for preliminary injunction be denied; and that this case be dismissed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

After being served a copy of a Report and Recommendation (R&R), a party has 14 days to serve on the other parties, submit to the assigned District Judge, and file with the clerk of court

his written objections to the R&R. The objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Court need not consider frivolous, conclusive, or general objections. Opposing parties have seven days after being served with objections, to serve and file a response or to notify the District Judge they do not intend to respond to the objections. Except on grounds of plain error, a party cannot attack on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not timely file objections. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed this the 17th day of November, 2017.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE