# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**DARYL FITZGERALD JOHNSON, #81916**                    **PLAINTIFF**

v.                                      **CAUSE NO. 1:16CV286-LG-RHW**

**THE CITY OF GULFPORT, ET AL.**                         **DEFENDANTS**

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE

BEFORE THE COURT is the [63] Report and Recommendation of U.S. Magistrate Judge Robert H. Walker, in which he examines several motions and concludes that the defendants are entitled to summary judgment and this case should be dismissed. Plaintiff Daryl Johnson has filed objections to Magistrate Judge Walker's findings and conclusions. The Court has reviewed the Report and Recommendation, the plaintiff's objections, the record in this case and the relevant law, and finds that Magistrate Judge Walker's findings and conclusions should be adopted as those of this Court. As a result, this case will be dismissed.

## BACKGROUND

Plaintiff Johnson has been an inmate in the Mississippi Department of Corrections since his conviction for delivery of controlled substances in 2016. He complains in this lawsuit of actions taken by the City of Gulfport prior to his incarceration. Specifically, he was charged in 2010 with selling beer without a permit, and in 2012 police officers kicked in the doors of his office and of his renters. Johnson alleges that the City has attempted to close his business down several times by causing him to default on his property taxes and using street repairs to

prevent customer access to his store for a year. Johnson complains that Gulfport police officers continued to try to close his business by investigating his drug activities in 2014, which led to his arrest and indictment. Johnson alleges that in 2015 police officers demanded to know whether he was going to plead guilty to the charges. According to Johnson, an officer stated that he knew it was not Johnson on the video of the drug transaction, but he had orders to close Johnson down, even if it took locking him up. After a jury trial, Johnson was convicted of two counts of transfer of controlled substances in March 2016.

DISCUSSION

**1. The Magistrate Judge's Resolution of the Dispositive Motions**

The City moved for dismissal or summary judgment on the grounds that the claims regarding City actions in 2010 and 2012 are barred by the statute of limitations, and the remaining claims surrounding Johnson's arrest and conviction are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and cannot support a municipal liability claim under 42 U.S.C. § 1983. Under *Heck*, a prisoner has "no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck*, 512 U.S. at 489. The individual Gulfport officers moved for dismissal or summary judgment on similar grounds. They contended that the false arrest and imprisonment claims against them are barred by *Heck*, and accordingly Johnson cannot show violation of a federally secured right to overcome their qualified immunity.

The Magistrate Judge construed the motions as summary judgment motions under Fed. R. Civ. P. 56 and noted that Johnson's responses simply repeated the allegations of his complaint. Johnson attached documentation to his responses which, although generated by himself or his attorney, supports his argument that he was improperly charged and wrongly convicted. Magistrate Judge Walker examined the evidence provided by all parties and determined that the City's motion should be granted because 1) the three-year statute of limitations at Mississippi Code § 15-1-49 barred any claim arising from actions occurring in 2010 and 2012; 2) Johnson did not show that his criminal convictions have been invalidated or set aside, and therefore *Heck v. Humphrey* bars any relief on the false arrest and imprisonment claims; and 3) Johnson's allegations that the City negligently hired racist and unprofessional police officers and failed to train them in facial recognition do not support municipal liability claims under § 1983.

Judge Walker determined that the individual officers' motion should be granted because all of Johnson's claims against them arose when Johnson was arrested, charged, and convicted of the drug charges. Johnson cannot show that his convictions have been invalidated or set aside, and therefore *Heck* bars any relief. *See Heck,* 512 U.S. at 486 (civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments). As a result, Johnson cannot overcome the individual officers' entitlement to qualified immunity.

Magistrate Judge Walker also determined that Johnson's motion for preliminary injunction should be denied, and that the various motions to strike

should be held moot or denied.

## 2. The Standard of Review

Johnson filed an objection to the Magistrate Judge's findings and conclusions. The Court must review any objected-to portions de novo. *See Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 646 (5th Cir. 1994); *Longmire v. Guste*, 921 F.2d 620, 623 (5th Cir. 1991). Such a review means that the Court will consider the record which has been developed before the Magistrate Judge and make its own determination on the basis of that record. *United States v. Raddatz*, 447 U.S. 667, 675 (1980). The Court need not, however, conduct a de novo review when the objections are frivolous, conclusive, or general in nature. *Battle v. U. S. Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987). No factual objection is raised when a petitioner merely re-urges arguments contained in the original petition. *Edmond v. Collins,* 8 F.3d 290, 293 (5th Cir. 1993).

## 3. Johnson's Objections

Johnson's objections concern the two summary judgment motions. He argues that the Magistrate Judge should not have granted summary judgment to the defendants because he was "denied a chance to object to the summary judgment or [properly] object to qualified immunity." (Pl. Obj. 1, ECF No. 65). He contends that he is entitled to immunity-related discovery before the Court rules on a motion based on the defense of qualified immunity. Although he cites to Uniform Local Rule 16(3), the provisions of that rule make immunity-related discovery a matter of

the Court's discretion. The rule states that:

> Filing a motion to compel arbitration, or a motion asserting an immunity defense or jurisdictional defense stays the attorney conference and disclosure requirements and all discovery, pending the court's ruling on the motion, including any appeal. Whether to permit discovery on issues related to the motion and whether to permit any portion of the case to proceed pending resolution of the motion are decisions committed to the discretion of the court, upon a motion by any party seeking relief.

L. U. Civ. R. 16(B). There is no automatic entitlement to discovery, nor is there a requirement that the movant submit a proposed order granting discovery as Johnson argues. Given the straight forward nature of the qualified immunity defense in this case, the Magistrate Judge did not abuse his discretion by not allowing limited discovery before taking up the individual officers' motion. The Court overrules this objection.

In regard to his assertion that he was not served with the summary judgment motions and did not have a chance to respond, (Pl. Obj. 1, ECF No. 65), the Court notes that Johnson filed timely responses to both motions, referring to the respective motions and attaching his own evidence. (*See* ECF Nos. 26, 27). This objection is without merit and is overruled.

The remainder of Johnson's objection consists of a restatement of his arguments that he was improperly charged and wrongfully convicted of the drug charges. The fact that his convictions have not been invalidated or set aside prevented the Magistrate Judge from considering any of these arguments. The Magistrate Judge properly concluded that *Heck v. Humphrey* prohibits Johnson's

attempt to attack his criminal conviction through this civil lawsuit.

CONCLUSION

Having reviewed the entire Report and Recommendation, de novo where necessary, the Court finds it proper and neither clearly erroneous nor contrary to law. The Magistrate Judge correctly concluded that Johnson's motion for preliminary injunction should be denied and the summary judgment motions should be granted and this case dismissed. The Report and Recommendation will be adopted as the findings and conclusions of this Court.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Report and Recommendation [63] of United States Magistrate Judge Robert H. Walker entered in this cause on November 17, 2017, should be, and the same hereby is, adopted as the findings of this Court.

**IT IS FURTHER ORDERED AND ADJUDGED** that the [22] Motion to Dismiss Pursuant to Fed. R. Civ. P. 12 and/or Fed. R. Civ. P. 56 by City of Gulfport is **GRANTED**, and the [24] Motion to Dismiss Pursuant to Fed. R. Civ. P. 12 or Fed. R. Civ. P. 56 and for Other Relief by Adam Gibbons, Nicholas Olds, and Joey Wuest is **GRANTED**. Plaintiff's claims arising from actions occurring in 2010 and 2012 are dismissed with prejudice. Plaintiff's remaining claims are dismissed without prejudice to his ability to reassert them in the event that his criminal convictions are invalidated or set aside.

**IT IS FURTHER ORDERED AND ADJUDGED** that any remaining pending motion is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 5th day of January, 2018.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE